[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
BY THE DIVISION:
The petitioner, then 38 years of age, was convicted after a trial by jury of Felony Murder (C.G.S. 53a-54c), and Robbery, 1st degree (C.G.S. 53a-134(a)(2).
The maximum sentence of sixty (60) years was imposed for the felony murder and a consecutive twenty (20) year sentence (also the maximum) imposed for the robbery charge, thus the total effective sentence was eighty (80) years.
The essential facts underlying these convictions are as follows:
On the evening of October 8, 1988, Nathaniel Nelson, John Hofler, Moses Avila, and the Petitioner drove to Tajildeen Market in Waterbury. The Petitioner was carrying a .38 caliber handgun and Nelson had a sawed-off shotgun. Shortly thereafter, Jamel Gregg arrived at that location, carrying a .32 caliber handgun, and the five men drove around looking for a place to rob. They decided to "case out" a private gambling club at 267 Walnut Street in Waterbury and Hofler, Nelson and the petitioner went inside the club to do so. While inside, they observed several elderly gentlemen playing cards with money on the table. After the three men returned to the car, the group decided that it was a good place to rob because many of the patrons were elderly and would not resist.
At approximately 11:15 p.m., Nelson, Hofler, Gregg and the petitioner, with guns drawn, forced their way into the club yelling for the patrons to get on the floor. Avila stayed in the car with the motor running. Hofler, who was unarmed, collected the money from the card table. Two patrons, Charles Demon and Robert Jones, both had money on the table that was taken during the robbery. After another patron, Thomson Lyn, refused to lie on the floor and surrender his wallet, Nelson beat him on the head with the butt of the shotgun and Lyn fell to the floor. Soon after CT Page 11376 the assault on Lyn, another patron, Robert "Butch" Clark, came into the room from the bathroom and tried to leave the club. The petitioner grabbed Clark by the back of the collar, pulled him back into the room and ordered him to lie on the floor. Clark grabbed the petitioner's wrists and a struggle for the handgun ensued. During the struggle, the petitioner fired two shots into Clark and both men ended up on the floor with Clark on top of the petitioner. The petitioner pushed Clark off of him and fired a third shot into Clark's chest. After the shooting, the four men ran out of the club, got into the car and drove off. Clark was rushed to the hospital, where he died from his gunshot wounds.
The petitioner asks that the Division order a modification of the sentence to make the sentences run concurrently for a total effective sentence of 60 years. He points out that the co-defendant Nathaniel Nelson received a sentence of 35 years after pleading guilty to charges related to the incident. He states that Mr. Hofler and Mr. Gregg received sentences of 10 years execution suspended after 5 years, after "cooperating" with the State.
The petitioner has a lengthy and serious record. His convictions include:
1982 Bank robbery (an armed robbery) — 8 year sentence from which he was paroled, September 23, 1987. (one year prior to the present crime)
1987 Violation of Probation — 60 days.
1976 Robbery and Carrying Pistol without a Permit — 11 1/2 to 23 years, which was modified in 1980 to 5 years and 4 months.
 (This crime involved the armed robbery at a drug store and the petitioner was discharged from the sentence in December, 1980)
1971 Robbery with Violence — 4 Counts — Indefinite sentence to Cheshire Reformatory.
1971 Breaking Entering and Larceny. CT Page 11377
1969 Breaking Entering and Larceny.
1968 Assault — Indefinite Sentence to Cheshire Reformatory.
1970 Violation of Parole.
The foregoing are the petitioner's salient convictions but is not his entire record.
Perhaps as compelling is the fact that just days after the killing of the victim in this case, the petitioner was arrested along with two others and charged with possession of cocaine, possession of a sawed-off shotgun, conspiracy to commit robbery, possession of a weapon in a motor vehicle and possession of drug paraphernalia. Found in the vehicle, at this later incident was a loaded "38" pistol, a "22" pistol, and a 12 gauge sawed off shotgun. (Ballistic tests determined the "38" was the weapon used to kill the victim in the case before the Division).
The pre-sentence report states that the petitioner expresses no remorse and has no insight. It describes him as a dangerous individual who should be confined for the maximum period.
The victim was 44 years old when he was killed. He left two daughters ages 20 and 21, and two sons ages 16 and 11 who, as the sentencing court pointed out, are themselves indirect victims.
There is nothing in the record of this case to suggest leniency, and protection of the community and its citizens are paramount considerations under the circumstances of this case.
For the foregoing reasons, and pursuant to the provisions of Section 942 of the Connecticut Practice Book, the Division finds that the sentence imposed was neither inappropriate nor disproportionate.
It is affirmed.
Klaczak, J.
Purtill, J.
Stanley, J. CT Page 11378